UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES M. WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:17-CV-0449-G |
| GABLES RESIDENTIAL SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Gables Residential Services, Inc. ("Gables") to partially dismiss this case for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6) (docket entry 12). For the following reasons, the motion is denied in part and granted in part.

### I. BACKGROUND

In February of 2010, Gables hired the plaintiff James M. Wheeler ("Wheeler"). Plaintiff's First Amended Original Complaint ("Complaint") ¶ 9

(docket entry 11). On March 20, 2016, Gables terminated Wheeler's employment. *Id.* ¶ 20. Wheeler was 66-years-old at the time. *Id.* ¶ 23.

On December 1, 2016, Wheeler filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") asserting that Gables had unlawfully discriminated against him in its decision to terminate his employment. Appendix to Defendant's Amended Motion for Partial Dismissal ("Appendix") at APP 3-APP 7 (docket entry 13).

On February 17, 2017, Wheeler filed this suit alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* On April 11, 2017, he amended his complaint and asserted that Gables "followed a policy and practice of discrimination against Plaintiff . . . in violation of the ADEA" and brought claims for disparate treatment, disparate impact, and hostile work environment. *See generally* Complaint; *id.* ¶ 26.

On April 24, 2017, Gables filed this motion for partial dismissal. *See generally* Defendant's Amended Motion for Partial Dismissal ("Motion") (docket entry 12). Gables maintains that the court lacks subject matter jurisdiction over Wheeler's disparate impact and disparate treatment claims. Motion at 2-3. Specifically, Gables asserts these claims have not been exhausted before the EEOC. *Id.* Gables further asserts that Wheeler's "conclusory assertions are insufficient to satisfy the pleading requirements of Fed. R. Civ. P. 8 under either a disparate impact or disparate

treatment theory; and therefore, Plaintiff's ADEA claim based on such a 'policy and practice' should be dismissed." *Id.* at 2. Wheeler failed to respond to the motion.

II. ANALYSIS[*]

A. Standard for Determination under Rule 12(b)(6)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted). Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

---

[*] Because exhaustion of remedies in this case is a condition precedent rather than a jurisdictional prerequisite to suit, the court will analyze Gables's motion under FED. R. CIV. P. 12(b)(6) rather than FED. R. CIV. P. 12(b)(1). See *Owen v. Stmicroelectronics, Inc.*, No. 3:15-CV-1186-B, 2016 WL 2757368, at *3 (N.D. Tex. May 12, 2016) (Boyle, J.).

B.  ADEA

The ADEA entitles a party to bring a civil action against an employer for age discrimination.  29 U.S.C. § 626(c)(1).  A condition precedent for bringing suit under the ADEA is the timely filing and exhaustion of an EEOC charge.  *Walton-Lentz v. Innophos, Inc.*, 476 Fed. Appx. 566, 569 (5th Cir. 2012) (citing  29 U.S.C. § 626(d)); *Stith v. Perot Systems Corporation*, 122 Fed. Appx. 115, 118 (5th Cir. 2005).  The Fifth Circuit has held that "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); see also *Kojin v. Barton Protective Services*, 339 F. Supp. 2d 923, 926 (S.D. Tex. 2004) ("Under both Title VII and the ADEA, a lawsuit stemming from EEOC charges is limited in scope to the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination.").

1.  *Disparate Treatment*

Disparate treatment age discrimination involves an employment action that treats an individual employee worse than other employees based upon the individual employee's age. *Richardson v. Porter Hedges, LLC*, 22 F. Supp. 3d 661, 665 (S.D. Tex. 2014).  Liability rests on whether age was in fact the discriminatory motive behind the employer's decision to terminate. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (citations omitted).  A plaintiff can prove age discrimination

either through direct evidence or through use of the *McDonnell Douglas* burden shifting framework, developed to assess claims brought under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq.* See *Reeves v. Sanderson Plumbing Products*, Inc., 530 U.S. 133, 143 (2000); *Rachid*, 376 F.3d at 309; see also *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* disparate treatment claim under the ADEA, Wheeler must show that "(1) [he was] within the protected class; (2) [he was] qualified for the position; (3) [he] suffered an adverse employment decision; and (4) [he was] replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)." *Smith v. City of Jackson, Mississippi*, 351 F.3d 183, 196 (5th Cir. 2003) (citations omitted), *aff'd on other grounds*, 544 U.S. 228 (2005).

In his EEOC charge, Wheeler merely asserts that Gables's property manager told him that he should "retire early or quit" and that he was "getting too old" to do his job. Appendix at APP 5. While the language in the charge was not artfully crafted, Wheeler did aver that his age was the "but-for" cause of Gables's decision to terminate his employment, and he is not required to establish a *prima facie* case of disparate treatment age discrimination at this stage in the case. See *Owen*, 2016 WL 2757368, at *5 (citations omitted). In addition, Wheeler has asserted well-pleaded facts sufficient to "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)). Thus, Gables's motion to dismiss Wheeler's disparate treatment claim is denied.

2.  *Disparate Impact*

The *prima facie* elements of a disparate impact discrimination claim are: "(1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class." See *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir.) (citation omitted), *cert. denied*, 549 U.S. 888 (2006). Wheeler's EEOC charge neither refers to a facially neutral (or for that matter any) policy of Gables that disproportionately impacts older workers. Additionally, as Gables notes, Wheeler "alleges that the dates of discrimination were confined to a single day -- March 20, 2016, indicating that the nature of his complaint relates to singular discrete acts related to the termination of his employment, not the implementation or application of any widespread or generally applicable policy or practice." Motion at 3. Consequently, the charge could not reasonably be expected to lead to a disparate impact investigation. See *Gates v. Lyondell Petrochemical Company*, 227 Fed. Appx. 409 (5th Cir. 2007) (per curiam). Wheeler's disparate impact claim is therefore dismissed for failure to exhaust administrative remedies. See *Stith*, 122 Fed. Appx. at 118. Accordingly, Gables's motion for partial dismissal of this claim is granted.

III.  CONCLUSION

For the reasons stated above, Gables's partial motion to dismiss is **DENIED** in part and **GRANTED** in part.

**SO ORDERED**.

May 25, 2017.

_____
**A. JOE FISH
Senior United States District Judge**